## No. 8043.

### E. J. GUÉRINGER VS. HIS CREDITORS.

In the additional delay granted the Appellant to file the Transcript, the last two days not being legal days should not be counted, and he is in time if he files the Transcript on the first legal day thereafter.

This Court will not pass upon objections to the admissibility of evidence, if the Transcript does not show that the Court below ruled upon the objections and the ruling was properly excepted to for review.

The wife, as individual creditor of her husband, cannot compete with the partnership creditors of an insolvent firm of which he is a partner, in the distribution of the partnership assets. The fact that the other co-partners had retired from the firm and that the husband alone asked for a respite and made a surrender, does not alter the principle.

The partnership creditors share equally with the individual creditors in the individual assets.

APPEAL from the Civil District Court for the parish of Orleans. *Monroe, J.*

---

*Chas. S. Rice* for Mrs. Guéringer, Opponent and Appellant:

First—The creditors, having forced a surrender by E. J. Guéringer; having proved their claims as debts of him, personally; having elected a syndic as his syndic; having caused the property to be surrendered as his, and the syndic having sold the same as his, and filed an account for a distribution of his assets, to which the creditors have made no objections, cannot, at this stage of the case, claim these proceedings to be the *cessio bonorum* of E. J. Gueringer & Co.

Second—The facts, being as recited in No. 1, above, the creditors cannot, at the same time, claim the proceeds and deny the title by which they are brought into court.

Third—The rents and proceeds of the insolvent's real estate, amounting to $1752.80, are by law devoted to the *pro rata* payment of all his debts.

Fourth—The opponent ought to share, not only in said rents and revenues, but also in the proceeds of her insolvent husband's mercantile assets.

*Breaux & Hall* for the Syndic, Appellee :

"Partnership assets are a trust fund for partnership creditors, who must be paid before the partners, and so their creditors, can touch anything." 2 An. 87, 810; 3 An. 189, 319; 5 N. S. 629, 568; C. C. 2823 (2794) ; 12 La. 370; 13 La. 279 ; 2 R. 453 ; 11 R. 130.

Partnership effects are privileged for partnership debts. 3 La. 497; 17 La. 596; 6 An. 771.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

Todd, J. The motion to dismiss the appeal is upon two grounds :

1. That there was no order for the appeal.

2. That the transcript was filed too late.

First. We find from our examination of the record, that there was an order of appeal regular in every respect.

Second. On the 16th December, 1880, the appellant applied for and was granted a delay of ten days for filing the transcript. The 9th day, the 25th, was Christmas ; the next, the 26th, was Sunday. It was filed on the 27th of December, and was in time, the two last days of the delay not being legal days, should not be counted. 24 An. 333.

The motion to dismiss is, therefore, denied.

## ON THE MERITS.

In 1875, Ernest J. Gueringer, Jules Gueringer & A. M. Carriere, established a commercial partnership in the City of New Orleans for buying and selling gentlemen's furnishing goods, under the firm name of E. J. Gueringer & Co. In July, 1877, Jules Gueringer retired from the firm. The business was still conducted under the same name until March, 1879, when Carriere also retired, leaving E. J. Gueringer in possession of the assets of the partnership to carry on the business in his own name. Two weeks after the retirement of Carriere, Gueringer filed a petition for a respite, citing the creditors of Gueringer & Co. and asking a delay of one, two and three years to pay their respective demands.

In his petition he refers to the business "as lately carried on under the name of Gueringer & Co., a commercial firm composed of petitioner and C. A. Carriere ; that the said firm was lately dissolved, the said Carriere retiring therefrom, and your petitioner assuming the debts of the concern."

The application for a respite was opposed by the creditors and a syndic, selected by them, was appointed to administer the property surrendered. This property consisted entirely of the stock of goods, accounts, &c., of the partnership of E. J. Gueringer & Co., except certain city lots described in the schedule, and buildings thereon. All the property was sold, and the syndic rendered his account and tableau showing

proceeds insufficient in amount to settle one-half the debts, which he proposed to pay *pro rata*.

Mrs. Gueringer, wife of the insolvent, filed her opposition to the account and tableau, in which she claimed to be a creditor of her husband for ten thousand dollars, and asked to share equally in the distribution of the proceeds with the other creditors.

Her application was dismissed and she has appealed.

Mrs. Gueringer's claim is opposed by the creditors on two grounds:

1st. Its existence is denied.

2d. If it exists, it is alleged to be due by the insolvent individually, and cannot legally be paid out of the partnership assets, which should be devoted to the payment of the partnership creditors, and it was averred that all the effects surrendered belonged to the partnership.

First. Mrs. Gueringer's claim was based on a donation alleged to have been made to her by her mother on her marriage, in Havana, in 1871, and to have consisted of ten thousand dollars in money, which, it was further alleged, had been received by her husband and used by him in his business, in New Orleans. She is clearly not a creditor of the partnership. The proof of her claim consists of the depositions of a number of witnesses taken under commission before the United States Consul at Havana.

The interrogatories to these witnesses were objected to by the counsel for the creditors, before crossing, on the ground that they were leading, and suggestive of the answers. When the depositions were offered on the trial, the objections were renewed. We find from the minutes that they were received "subject to the objections." It does not appear that any ruling was ever had upon the objections—whether in the decision of the case they were sustained and the testimony rejected, or overruled and the testimony received and considered.

The counsel having failed to obtain a ruling on his objections, and to have the ruling placed on record, and to retain his bill to the same if adverse to him, we cannot consider the objections at this stage of the proceedings, in the entire absence of any ruling of the judge *a quo* to review. Finding the depositions on the note of evidence, as offered and filed in the case, *and not rejected*, we shall accept them as proper evidence, and give them the consideration they are entitled to, notwithstanding the formidable character of the objections made to them. To enable us to pass on an objection to the admissibility of evidence, the record must show that it has been ruled on in the lower court, and the ruling complained of properly brought to our attention by a bill of exceptions. This evidence proves that Mrs. Gueringer did receive from her mother and turn over to her husband the ten thousand dollars given her.

81

Second. It is clearly shown that all the property surrendered and sold, with the exception of the city lots and rents thereof, belonged to the partnership, of which the insolvent was a member, and that all the creditors, except the opponent, were creditors of that partnership. The debts due them were for goods bought by Carriere as a member of that firm. As such creditors, they were entitled to the proceeds of those goods, and there is nothing in the proceedings which could be held to affect such right. The counsel for Mrs. Gueringer insists that as the proceeding was instituted by Gueringer individually, and was thus conducted throughout, the creditors mentioned must be considered as his individual creditors, and had lost all rights as partnership creditors. We see no force in this proposition. The members of the partnership were bound to the creditors *in solido*. Gueringer was the only one of them connected with the proceedings. The creditors did not inaugurate these proceedings, and could not control or change them, and took part in them just as they found them. The retiring of the other members of the firm on the eve of the surrender deprived these creditors of no rights against the partnership, or the individual members thereof, or against the goods sold by them to the partnership. Though the member surrendering had assumed to pay for the goods when the other partner retired, yet this assumpsit did not affect the creditors who were no parties to it nor contributing thereto.

Partnership effects are privileged for the partnership debts. C. C. 2823; 3 L. 497; 17 L. 596; 6 An. 771. The whole partnership assets were properly applied to the payment of the partnership creditors. 6 An. 509; 12 An. 698.

Among the effects surrendered in this case we have mentioned certain real estate consisting of city property. We are satisfied that this property belonged to Gueringer individually, and never at any time formed part of the partnership assets. It was not occupied or used for the partnership business, and there is no evidence that the partnership, or the members of the firm, save E. J. Gueringer, ever had any interest in it. This property (described as No. 28 Chartres street) sold for $1200, and the rents of this property, also surrendered, amounted to $552 80, making together $1752 80. Mrs. Gueringer is, however, not entitled to the whole of this amount, although it is the individual property of the insolvent, and she an individual creditor; for it is well settled that partnership creditors share equally with individual creditors in the individual assets of the partners. C. C. 3185; 8 N. S. 599; 2 L. 113; 17 L. 596; 3 An. 189. This sum must be distributed *pro rata* between Mrs. Gueringer, as an individual creditor of her husband, and the other creditors, appellees, and the judgment appealed from must be amended accordingly.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended as follows : that Mrs. Aurora Mascino, wife of Ernest J. Gueringer, be recognized as a creditor of said Gueringer for $10,000, with legal interest from the filing of her opposition, February 11, 1880, and that her opposition to the tableau of H. H. Pearson, syndic, be sustained so far as to allow the said opponent to *pro rate* with the appellees in the proceeds of the sale of the immovable property of said Gueringer and the rents thereof, amounting to $1752 80, and without prejudice to the right of the said opponent to assert hereafter the unsatisfied balance of her claim, but not against the funds in question; and the judgment, as thus amended, is affirmed, the appellees to pay costs of appeal.

Mr. Justice FENNER recuses himself, having been of counsel.